We are aware of a contrary holding to the above in Scott v. State, Tex.Cr.App., 68 S.W. 680, and with such holding we are not in accord.

█ It is our holding herein that the allegation that such property was acquired "without the consent of L. S. Chamberlain and Ruth L. Chamberlain, the owners thereof", means what it says, and that is that such acquisition was without the consent of both of them, which means either of them, they being the owners thereof.

We think the motion should be overruled, and it is accordingly so overruled.

## THOMAS v. STATE.
### No. 21496.

Court of Criminal Appeals of Texas.

March 12, 1941.

E. A. Martin and Richard Nicolds, both of Longview, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for assault with intent to murder; the penalty assessed is confinement in the penitentiary for a term of four years.

The record is before us without a statement of facts or bills of exception. The indictment appears to be in due form. No matter has been presented justifying a reversal or requiring further discussion.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.